422

APPLICATION OF WILLIAM T. BUSHMAN. STATE OF MONTANA EX REL. WILLIAM T. BUSHMAN, PLAINTIFF, v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, DEFENDANT.

No. 11737.
Decided Aug. 28, 1969.
458 P.2d 81

PER CURIAM:

On August 27, 1969, William T. Bushman filed in this Court an application for a writ of habeas corpus as well as a petition for a writ of certiorari. From these applications and accompanying documents it appears that on August 22 and 26, 1969, certain proceedings were had in the district court of Lewis and Clark County In the Matter of the Examination Into the Sanity of William T. Bushman. As required by law (Section 38-203, R.C.M.1947) two graduates of medicine were subpoenaed to appear and attend such examination. At the conclusion of the hearing the physicians made certificates in accordance with section 38-206, R.C.M.1947, but one of the physicians inserted in

his certificate the following words: "Do not recommend commitment to an institution."

The minutes of the district court for August 26, 1969, insofar as they apply to this cause, conclude:

"Thereupon matter was taken under advisement by the Commission and Wm. F. Cashmore recommended 'do not recommend commitment to an institution' and R. Wynne Morris 'recommending to be committed to an institution.' William T. Bushman was released."

Thereafter, and on August 27, 1969, the district court issued its commitment ordering Bushman to be confined in the Montana State Hospital at Warm Springs, Montana, until discharged by due process of law, and thereunder Bushman was transported to that facility.

It is contended by Bushman that the order of commitment, based upon the certificate of one physician only, is void and invalid for lack of jurisdiction.

Counsel for petitioner was heard ex parte and orders were made directing that Bushman be brought before this Court on August 28, 1969, and that the district court advise this Court as to the reason for Bushman's confinement.

Pursuant thereto all parties appeared before the Court and the cause was argued and the matter taken under advisement.

It is the contention of the district court that a commitment is. made, solely by the judge.

Section 38-206, R.C.M.1947, in part provides:

"The physician, after hearing the testimony and making the examination, must, if they believe such person to be dangerously insane, make a certificate, under their hand, showing as near as possible:

"1. That such person is so far disordered in his mind as to endanger health, person, or property. * * *"

Obviously one of the examining physicians did not so certify in view of the qualifying words he inserted in his certificate..

In State ex rel. Hoatson v. District Court, 95 Mont. 174,

26 P.2d 172, our Court in discussing our statutory provisions stated that the hearing required before the examining physicians is in the nature of a jury trial before a jury of experts who are much more likely to reach a correct verdict than would a jury of laymen.

The testimony presented before the district court plus an extensive case file of the Veteran's Administration showing constant hospitalization since World War II for mental disturbances was indicative to the trial court of a need for hospitalization. However, the legislature provided, and wisely so, that two medical jurors must determine the fact question of whether or not the patient is so disturbed as to need hospitalization. Here the medical jurors disagreed and for that reason we must hold that the order of commitment herein attacked is void and of no effect, and William T. Bushman is hereby ordered released from any and all custody thereunder.

This is not to say, however, that we make any finding as to the sufficiency of the evidence, nor is this order in any manner a final determination of the state of mind of Bushman nor a bar to institution of further proceedings.